OPINION
Defendant-Appellant, Christopher Avery ("Appellant"), a juvenile, brings this appeal from a judgment of the Putnam County Juvenile Court finding him to be a delinquent child. For the reasons set forth in the following opinion, we affirm the trial court's judgment.
Between January 20, 2000 and January 23, 2000, four snowmobiles were stolen from Country Farm Supply in Putnam County, Ohio. Investigating officers subsequently discovered the snowmobiles located at a residence in Putnam County. After interviewing numerous witnesses, the officers concluded that Appellant and others had stolen the snowmobiles.
On February 7, 2000, a complaint was filed in the Putnam County Juvenile Court, charging Appellant with being a delinquent child. Specifically, Appellant was charged with theft of property having a value of $5,000.00 or more but less than $100,000.00 in violation of R.C.2913.02(A)(1), a felony of the fourth degree if committed by an adult, and receiving stolen property having a value of $5,000.00 or more but less than $100,000.00 in violation of R.C. 2913.51(A), a felony of the fourth degree if committed by an adult.
The matter proceeded to trial, where the court determined that the allegations surrounding Appellant's theft charge were true. Therefore, the court adjudged Appellant to be a delinquent child. Accordingly, the trial court ordered Appellant to pay a $100.00 fine and court costs, to serve sixty days at the Wood County Juvenile Detention Center, to complete sixty days electronically monitored house arrest at his cost, to pay a pro rata share of restitution to the victims for damages arising from his delinquent actions, to serve a nine-month term of probation, to write a letter of apology to the victims, and to have no contact with two of the alleged accomplices.
Appellant perfected this timely appeal wherein he presents the following as his sole assignment of error on appeal:
 The trial court erred when it failed to dismiss the case at the end of the State's case and at the end of the trial for the following reasons:
 A. At the end of the State's case there was insufficient evidence to sustain a finding of true (guilty).
 Prior to addressing the issue of sufficiency of the evidence, we are compelled to consider the parties' stipulation as to the ownership, identity, value, and description of the stolen snowmobiles, even though this issue was not addressed in the parties' briefs or during oral arguments.
Normally, the State must establish through the evidence, each and every element of a criminal offense beyond a reasonable doubt. In reWinship (1970), 397 U.S. 358, 361, 90 S.Ct. 1068, 25 L.Ed.2d 368. However, "a stipulation, once entered into, filed and accepted by the court, is binding upon the parties and is a fact deemed adjudicated for purposes of determining the remaining issues in that case. A party who had agreed to a stipulation cannot unilaterally retract or withdraw it."Horner v. Whitta (March 16, 1994), Seneca App. No. 13-93-33, unreported at *2.
It is therefore not error for defense counsel to enter into a stipulation of fact, even if it is an element of the crime charged, and it is not error for the trial court to have found such facts to have been proven beyond a reasonable doubt. Accord In the Matter of Body (June 23, 1998), Coshocton App. No. 97 CA 33, unreported.
We will next discuss Appellant's assertion that the evidence was insufficient to convict him of theft. When reviewing a claim of insufficient evidence:
 An appellate court * * * [must] examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, reversed on other grounds.
R.C. 2913.02 provides, in relevant part:
 (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 (1) Without the consent of the owner or person authorized to give consent * * *
 Appellant, in his argument, contends that the evidence was insufficient to prove that Appellant had committed theft. We disagree and conclude that the record is replete with evidence that, if believed, a rational trier of fact could have found the essential element, that Appellant had exerted control over the snowmobiles without the consent of the owners with purpose to deprive the owners, proven beyond a reasonable doubt.
Herein, Appellant stipulated a significant portion of the facts necessary to convict him. It was stipulated as to the identity, ownership and value of the subject property, and that the owners did not give any person permission to use or exercise dominion and control over the snowmobiles. The age of Appellant and venue were likewise stipulated. As to the remaining elements, Jackie Krogman and Samantha Krogman testified that they rode in a vehicle with Appellant to steal snowmobiles, that Appellant did in fact steal a snowmobile, and that he rode the stolen snowmobile with co-defendants Matt Smith ("Smith") and Simon Maag. Smith testified that he had likewise stolen a snowmobile with Appellant. Keith Metzger testified that Appellant delivered one of the stolen snowmobiles to his residence to be fixed. Karen Metzger, Keith's mother, also testified that Appellant had brought the snowmobile to their residence, claiming it to be his own.
Appellant argues that because the various stories told by these witnesses during the investigation and prosecution changed, that these witnesses were not credible. When an Appellate Court reviews for the sufficiency of the evidence, we must consider the evidence in a light most favorable to the prosecution. State v. Davis (1988),38 Ohio St.3d 361, 365. The evaluation of the evidence and the credibility of the witnesses are in the province of the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, syllabus. A conviction may not be reversed on credibility where the record shows that it is based upon sufficient evidence. State v. Watson (1991), 61 Ohio St.3d 1, 12.
The evidence herein is clearly sufficient for a rational trier of fact to have found that Appellant had knowingly obtained or exerted control over the snowmobiles, without the owners' consent and with purpose to deprive the owners thereof, beyond a reasonable doubt.
 B. The trial court's finding of true (guilty) at the end of the case was against the manifest weight of the evidence, as the State had offered no credible evidence.
We now turn to discuss Appellant's contention that the jury verdict was against the manifest weight of the evidence. The standard to apply when reviewing such a claim has been set forth as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Martin (1983), 20 Ohio App.3d 172, 175, State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Furthermore, an appellate court should grant a new trial only in an exceptional case where "the evidence weighs heavily against the conviction." Id. This is not such a case. As discussed above, a complete review of the record here shows substantial evidence of Appellant's guilt and this Court cannot conclude that the trial clearly lost its way in adjudging Appellant to be a delinquent child.
Accordingly, Appellant's assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
HADLEY and KNEPPER, JJ., concur.
(KNEPPER, J., of the Sixth Appellate Judicial District sitting by assignment in the Third Appellate Judicial District.)